McNABOE v. COLUMBIAN MFG. CO.

(Circuit Court of Appeals, Second Circuit. May 31, 1907.)

BANKRUPTCY—PREFERENCE—STOLEN FUNDS.

The president of a bankrupt corporation, being the Eastern agent of defendant corporation, with knowledge of the bankrupt's insolvency on several occasions, misapplied funds belonging to defendant to the use of the bankrupt without defendant's knowledge or consent, and then, when the bankrupt's failure could no longer be suspended, he sold certain of the bankrupt's assets, and with the proceeds repaid defendant the money misappropriated, also without defendant's knowledge. *Held*, that the repayment of the money so stolen from defendant did not constitute a preference recoverable by the bankrupt's trustee.

In Error to the Circuit Court of the United States for the Southern District of New York.

The following is the opinion of Hough, District Judge, in the court below:

The legal question here to be decided offers as a basis for adjudication very few and simple facts.

Within four months of the petition filed against the bankrupt herein the same man was at the same time the president of the bankrupt corporation, and an agent and director of an entirely different corporation. The bankrupt being already insolvent, this person on several occasions applied the funds of the corporation for which he was agent to the uses and purposes of the bankrupt, passing such funds through the bankrupt's bank account. Neither as agent nor director had he any authority to do what he did, and what he did do amounted in plain language to theft. The money under his control was in New York, and the headquarters of the corporation for which he was agent were in St. Louis, where also all its officers resided or had their place of business. When this man realized that bankruptcy of the corporation of which he was president was inevitable, he converted into cash a considerable portion of the bankrupt's assets, and repaid to himself as agent for the St. Louis corporation the amount which he had practically stolen. None of the officers of the defendant (the St. Louis corporation) had the slightest knowledge that their New York funds had either been taken or replaced until months after the bankruptcy was flagrant. The trustee in bankruptcy now asserts that the repayment of the stolen money constitutes a voidable preference under secion 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]).

It is admitted that, in order to constitute a voidable preference, either (a) the person receiving the preference; or (b) the person to be benefited by the preference, or (c) "his agent acting therein" shall have had reasonable cause to believe that a preference was intended by the payment or transfer complained of. Assuming that the performance above outlined comes within the purview of the bankruptcy act at all, it must be admitted that neither "the person receiving" the payment in question, nor the person "to be benefited thereby," had, or had reasonable cause to have, the guilty knowledge which is the basis of a voidable preference.

This whole claim rests upon the proposition that the man who took the money from the defendant was the agent of the defendant in respect of the repayment, and that, inasmuch as the payment constituted a preference under section 60a, the words "his agent acting therein" bring the matter within the prohibition of section 60b. It is candidly admitted in the able argument for the plaintiff that the rule which charges the principal with his agent's knowledge is subject to exception in cases where the agent is acting in fraud of his principal in the very transaction wherein he has knowledge or gets notice. As was said in De Kay v. Hackensack Water Co., 38 N. J. Eq. 161: "Where an officer of a corporation deals with the corporation in a matter in which his interest is opposed to the interest of the corporation, he does not in such transaction represent the corporation so as to make his knowledge the knowledge of the corporation." It is not, of course, argued that the person out of whose wrongdoing this claim arose was the agent of the defendant in permitting its money to flow into the coffers of the bankrupt; but it is strenuously urged that, when it came to repaying that money (by such repayment probably saving himself from criminal prosecution), the same man became once more the defendant's agent. But the whole transaction, including payment and repayment, was something of which the defendant had no knowledge whatsoever, and as to which the law expressly repudiates any imputation to the corporation of a dishonest director's knowledge. It does not appear to me to be possible for a person to be not the agent of a corporation in a swindle on that corporation, and to be the agent of the same corporation in effecting reparation thereof, when both swindle and reparation remain entirely unknown to the corporation affected. If this case had arisen under the act of 1867, it cannot I think be doubted that Lindsey v. Lambert Building Association (D. C.) 4 Fed. 48, would have required judgment for the defendant. The reasoning of that case is entirely satisfactory to me, and I fail to perceive that the

words of the present statute "or his agent acting therein" require a different decision.

In order to make those words applicable, the person whose knowledge is to be imputed to the defendant must be (a) an agent, and (b) he must be an agent authorized or empowered to act in respect of the preference, and (c) he must actually perform the duties of his agency in respect of the preference. How a man can have an agent empowered to act in a matter which could never arise without the commission of a flagrant moral wrong (if not a technical crime) by the alleged agent I cannot perceive; and to presume that a person appoints an embezzler to recover the amount embezzled is, I think, an application of the maxim regarding "setting a thief to catch a thief," which exposes the law to ridicule. The cases of Nisbit v. Macon B & T Co. (C. C.) 12 Fed. 686, and Crooks v. People's National Bank, 72 App. Div. 331, 76 N. Y. Supp. 92, 495 (affirmed 177 N. Y. 68, 69 N. E. 228), do not appear to me to affect this case. They both lack that element of secret dishonesty on the part of the person sought to be treated as an agent, which is, I think, the ruling consideration here.

I regard this case as suitable for the consideration of the appellate court, and have thought it sufficient, therefore, to indicate briefly the reasons which lead me to direct judgment for the defendant.

. William S. Maddox, for plaintiff in error.
Charles E. Hill, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM.· In brief, the question presented for decision is whether a party who has had stolen money restored to him, he being in entire ignorance both of the theft and the restoration, has received a preference under the bankruptcy act?

We are so clearly of the opinion that he has not received a preference that we find it unnecessary to add anything to the discussion of the proposition found in the opinion of the judge of the Circuit Court.

The judgment is affirmed.